UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SEVERIANO VELA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. M-08-366 |
| | § | |
| THE STANDARD FIRE INSURANCE | § | |
| CO., *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANT STANDARD FIRE'S
MOTION FOR SUMMARY JUDGMENT, MOOTING STANDARD FIRE'S MOTION
TO STRIKE, DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT AS IT PERTAINS TO STANDARD FIRE, MOOTING STANDARD
FIRE'S MOTION FOR PROTECTIVE ORDER, AND GRANTING PLAINTIFF'S
MOTION TO EXTEND DATE TO AMEND PLEADINGS AND JOIN PARTIES**

**I.     Introduction**

Now before the Court are the Motion for Summary Judgment filed by Defendant The Standard Fire Insurance Company ("Standard Fire")(Doc. 8); Standard Fire's Motion to Strike Plaintiff's Amended Petition for Failure to Comply with FED. R. CIV. P. 15(a)(2) (Doc. 16); Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint (Doc. 17); Standard Fire's Motion for Protective Order (Doc. 21); and Plaintiff's Motion to Extend Date to Amend Pleadings and Join Parties (Doc. 22).

Plaintiff originally filed suit against Standard Fire on November 17, 2008 in the 275th Judicial District Court, Hidalgo County, Texas. (Doc. 3, Attachment 2).[1] Plaintiff's Original Petition seeks recovery against this Defendant under the Standard Flood Insurance Policy ("the Policy") issued by Standard Fire to Plaintiff. *Id.*   Standard Fire, appearing in its fiduciary

---
[1] Although Plaintiff also names Colonial Claims Corporation as a Defendant, the petition contains no specific allegation against this Defendant. (Doc. 3, Attachment 2).  The Court also notes that the petition alleges causes of action against non-Defendant "Travelers Insurance." *Id.*

capacity as the fiscal agent of the United States and at the expense of the U.S. Treasury, removed the action to this Court on December 15, 2008. (Doc. 3); *see* 44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1); 42 U.S.C. § 4017(d)(1). Standard Fire alleged in its Notice of Removal, and no party disputes, that Standard Fire issues Standard Flood Insurance Policies as a "Write Your Own" company under the authority of the National Flood Insurance Program, a federal program created pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 et seq. (Doc. 3). Therefore, this Court has original, exclusive jurisdiction over Plaintiff's action seeking payment from Standard Fire for flood insurance benefits under Plaintiff's Policy. *Id.*; *see* 42 U.S.C. § 4072.

Standard Fire now moves for summary judgment on Plaintiff's claims against it on the grounds that Plaintiff failed to timely submit a signed and sworn "Proof of Loss," a prerequisite to recovery under Plaintiff's Policy. (Doc. 8). Although Plaintiff timely responded to Standard Fire's summary judgment motion, Plaintiff also requested additional time to conduct discovery in order to further respond to the motion. (Docs. 12, 13). In addition, Plaintiff filed a "1st Amended Petition and Request for Disclosure," to which Standard Fire responded with a motion to strike for failure to seek leave to file the amended pleading. (Docs. 11, 16). Plaintiff then moved for leave to amend his complaint, thus mooting the motion to strike. (Doc. 17). The amended complaint adds a defendant, Travelers Lloyds of Texas Insurance Company, specifies Plaintiff's allegations against existing defendant Colonial Claims Corporation ("Colonial"), and adds a cause of action against Standard Fire and Colonial for "conspiracy to defraud Plaintiff[] of payment due under [the Policy]." (Doc. 17, Ex. A). However, it does not alter, in any substantial way, Plaintiff's existing claims against Standard Fire. In addition, the amended allegations in no way respond to Standard Fire's request for summary judgment on these claims

on the grounds that Plaintiff failed to timely submit a signed and sworn "Proof of Loss." Therefore, the Court may consider the merits of Standard Fire's motion for summary judgment separate from the motion for leave.

Subsequent to the filing of its summary judgment motion and Plaintiff's motion for leave, Standard Fire moved for a protective order to preclude Plaintiff from seeking or serving discovery until he has provided his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), and as required by Rule 26(f). (Doc. 21). On the same day, Plaintiff moved for an extension of the scheduling order deadlines for new parties and amendments to pleadings. (Doc. 22). Plaintiff's motion to extend, as does his motion for leave, indicates that he seeks to file an amended pleading and add parties to the action. (Docs. 17, 22). Again, the motion does not affect the Court's consideration of the merits of Standard Fire's request for summary judgment. Therefore, the Court will first determine whether summary judgment is appropriate on Plaintiff's claims against Standard Fire.

## II.     Standard Fire's Motion for Summary Judgment

### A.     Standard of Review

A district court will grant summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A fact is material if it might affect the outcome of the lawsuit under the governing law, and a fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party moving for summary judgment has "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

**B.    Background and Undisputed Facts**

As noted *supra*, this case concerns the National Flood Insurance Program ("NFIP") that Congress created to provide insurance coverage at or below actuarial rates. *Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008)(citing *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998)). The Federal Emergency Management Agency ("FEMA") operates the NFIP, which is supported by the federal treasury. *Marseilles*, 542 F.3d at 1054. A policy issued under the NFIP is called a Standard Flood Insurance Policy ("SFIP"). *Id.* FEMA sets the terms and conditions of all SFIPs. *Id.* (citing *Gowland*, 143 F.3d at 953). SFIPs can be issued directly by FEMA or through private insurers known as "Write Your Own" ("WYO") companies. *Id.*

Standard Fire, a WYO company, issued a SFIP to Plaintiff insuring property located at 1 ¾ MI North FM 1426 & ¼ M East Sioux Rd., San Juan, Texas, 78589. (Doc. 8, Exs. A, B; Doc. 13, Affidavit of Severiano Vela). The Policy was effective from June 6, 2008 to June 6, 2009. (Doc. 8, Ex. A; Doc. 13, Affidavit). It provided $134,800 in Building coverage, subject to a $500 deductible, and $48,000 in Content coverage, also subject to a $500 deductible. (Doc. 8, Ex. A). On or about July 25, 2008, Plaintiff notified Standard Fire that the property insured by the Policy had suffered a flood-related loss on or about July 24, 2008. (Doc. 8, Ex. A; Doc. 13, Affidavit). Standard Fire appointed an independent adjuster to inspect the property. (Doc. 8, Ex. A). The adjuster inspected the property on July 26, 2008 and determined in a report to Standard

Fire that, although there was a general condition of flooding on the grounds of the insured premises, water never entered the interior of the home. (Doc. 8, Ex. A; Doc. 13, Affidavit). The adjuster estimated the cost for the flood loss clean-up underneath the home in the crawl space area and repair of the exterior air conditioning unit to be $458.77. (Doc. 8, Ex. A; Doc. 13, Affidavit, Ex. A). By letter dated August 4, 2008, Standard Fire notified Plaintiff that it could not issue payment to Plaintiff for the flood damage because the reported building loss amounted to less than the $500 deductible. *Id.* The letter also stated as follows:

> If you disagree with this decision, you may choose to sue us, in which case Article VII.R requires that any suit be brought within one year of the date of this letter, and that it be filed in the United States District Court. If you disagree with this decision, Federal law also allows you to appeal that decision [to FEMA] within 60-days of the date of this denial letter. Your appeal must be in writing and must include…a copy of the completed Proof of Loss that you submitted to us….
>
> By this letter we do not intend to waive or relinquish any of our rights or defenses, either listed or unlisted, under this policy of insurance.

(Doc. 13, Ex. A).

Plaintiff chose to bring suit against Standard Fire rather than file an appeal. (Doc. 13, Ex. A). Plaintiff has never submitted a "Proof of Loss" to Standard Fire. (Doc. 8, Ex. A).

**C.     Analysis**

**1.     Proof of Loss Requirement**

Standard Fire moves for summary judgment on the sole basis that Plaintiff failed to timely submit a signed and sworn Proof of Loss specifying the amount of damages to which he was allegedly entitled under the Policy. (Doc. 8). All SFIPs, including the Policy issued to Plaintiff, contain the following language:

> J.  Requirements in Case of Loss
>
> In case of a flood loss to insured property, you must:…

> 4. Within 60 days after the loss, send us proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:…
>
> f. Specifications of damaged buildings and detailed repair estimates....
>
> 5. In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount….
>
> 7. The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the date of loss even if the adjuster does not furnish the form or help you complete it….
>
> 9. At our option, we may accept the adjuster's report of the loss instead of your proof of loss. The adjuster's report will include information about your loss and the damages you sustained. You must sign the adjuster's report. At our option, we may require you to swear to the report.

44 C.F.R. pt. 61, app. A(1), art. VII(J).

The SFIP also provides that an insured cannot file a lawsuit seeking benefits under the SFIP unless he can show prior compliance with all policy requirements, including the Proof of Loss requirement. *Marseilles*, 542 F.3d at 1055-56 (citing 44 C.F.R. pt. 61, app. A(1), art. VII(R); *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 Fed.Appx. 295, 298 (5th Cir. 2008)(unpublished)). Plaintiff does not dispute that he failed to submit the required Proof of Loss within 60 days of the date of loss and before filing suit, and in fact he has never submitted it. He argues, however, that Standard Fire cannot obtain summary judgment based on this failure because: (1) Standard Fire waived the requirement that the Proof of Loss be submitted, that it be submitted within 60 days, and/or that it be submitted before bringing suit; (2) Plaintiff "substantially complied" with the Policy; and (3) Standard Fire should be equitably estopped from asserting the Proof of Loss requirement as a defense. (Doc. 13). The Fifth Circuit has specifically addressed each of these arguments, and the Court will address them herein.

**2.      Waiver**

Plaintiff claims that Standard Fire waived the requirement that he submit a Proof of Loss, that he do so within 60 days, and/or that he do so before filing suit, when it represented to him in the August 4, 2008 denial letter that he could opt to sue Standard Fire *or* file an appeal with FEMA with the Proof of Loss included. (Doc. 13). Plaintiff also appears to argue that Standard Fire's failure to expressly inform Plaintiff of the Proof of Loss requirement constitutes waiver of that requirement. *Id.* As the Fifth Circuit has recognized, all SFIPs provide that "[t]his policy cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator." 44 C.F.R. pt. 61, app. A(1), art. VII(D); *Marseilles*, 542 F.3d at 1055; *see also* 44 C.F.R. § 61.13(d). Thus, a WYO company cannot constructively or unilaterally waive the terms of the SFIP, including the Proof of Loss requirement. *See Gowland*, 143 F.3d at 954 (constructive waiver "could not be effective in light of the policy and federal regulations mandating that any waiver be express and in writing"); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 388 (5th Cir. 2005)("The terms of the SFIP are dictated by FEMA, and cannot be waived or modified by Allstate."). Therefore, Standard Fire's representations in the denial letter and any alleged failure to explicitly advise Plaintiff that he had to timely submit a Proof of Loss do not serve to waive the Proof of Loss requirement. Moreover, Standard Fire stated in the denial letter that it "[did] not intend to waive or relinquish any of our rights or defenses, either listed or unlisted, under this policy of insurance." (Doc. 13, Ex. A). In *Gowland*, *supra*, the Court considered language of this kind in a WYO company's letter to the plaintiffs and found it "beyond peradventure that [the company's] letter may not be interpreted as an express written waiver" of the Proof of Loss requirement, even where the plaintiffs claimed that additional language in the letter waived that requirement "by failing to specify accurately the information

prescribed in the policy." *Gowland*, 143 F.3d at 954. Therefore, regardless of any alleged inaccuracies in the letter with respect to the Proof of Loss requirement, Standard Fire's statement that it did not intend to waive any of its defenses under the policy further defeats Plaintiff's waiver argument. Finally, the Court notes that Standard Fire had the *option* to accept the adjuster's report in lieu of the Proof of Loss and, in that respect, "waive" the Proof of Loss requirement. 44 C.F.R. pt. 61, app. A(1), art. VII(J)(9); *Gowland*, 143 F.3d at 954. However, the record contains no evidence that Standard Fire opted to do so in this case. For all of these reasons, Plaintiff's waiver argument does not defeat summary judgment.

**3.     Substantial Compliance**

Plaintiff also contends that the Court should excuse him from the requirement that he timely submit a Proof of Loss because he otherwise "substantially complied" with Standard Fire's "requests and policy conditions," among them the implicit instruction in the denial letter that he could opt to bring suit without submitting a Proof of Loss. (Doc. 13). Although Plaintiff does not argue that he substantially complied with the Proof of Loss requirement itself by, for example, giving notice of the loss or providing information akin to that required by the formal Proof of Loss form, the Fifth Circuit has made clear that no legal substitute exists for a signed and sworn Proof of Loss. *Gowland*, 143 F.3d at 953-54; *Richardson*, 279 Fed.Appx. at 299. In rejecting the "substantial compliance" theory, the court in *Gowland* explained that because "the provisions of an insurance policy pursuant to a federal program must be strictly construed and enforced,…an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954. In short, any alleged "compliance" by Plaintiff that falls short of the timely submission of the Proof of Loss form is, in effect, no

compliance at all.  Therefore, the Court must reject Plaintiff's substantial compliance argument as grounds for defeating summary judgment.

**4.     Equitable Estoppel**

Plaintiff's appeal to the doctrine of equitable estoppel resembles his previous arguments, in that he again claims that Standard Fire's representations in the denial letter should prevent it from now asserting the Proof of Loss requirement as a defense. (Doc. 13).  However, regardless of whether the letter misrepresented the terms of the Policy or misled Plaintiff, the Fifth Circuit has consistently held that equitable estoppel is unavailable in a claim by an insured against a WYO carrier asserting a Proof of Loss defense.  *Marseilles*, 542 F.3d at 1056; *Richardson*, 279 Fed.Appx. at 299-300; *Wright*, 415 F.3d at 387-88; *Gowland*, 143 F.3d at 954-55.  In short, this is because payments made to an insured pursuant to a SFIP are "a direct charge on the public treasury," and where federal funds are involved, "the judiciary is powerless to uphold a claim of estoppel because such holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution."  *Gowland*, 143 F.3d at 955 (quoting *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987))(internal quotations omitted); *see also Wright*, 415 F.3d at 387 (quoting *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 426 (1990))("The Supreme Court has made clear that 'judicial use of the equitable doctrine of estoppel cannot grant respondent a money remedy that Congress has not authorized.'")  Therefore, Plaintiff may not resort to the doctrine of equitable estoppel to preclude summary judgment.

**5.     Plaintiff's Request to Extend Response Date to Standard Fire's Motion for Summary Judgment**

Although Plaintiff filed a response to Standard Fire's summary judgment motion raising legal arguments now considered in full by this Court, the Court recognizes that Plaintiff also

requested more time to conduct discovery in order to respond to the motion. (Docs. 12, 13).[2] More specifically, Plaintiff asked for additional time to obtain "all necessary records, and documentation regarding conversations, memos, and documentation exchanged," as well as "to inspect and determine and differentiate between the causes of loss" to the covered property. *Id.* Rule 56(f) of the Federal Rules of Civil Procedure provides that "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, [he] cannot present facts essential to justify its opposition, the court may…order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken…." In order to qualify for relief under Rule 56(f), a party must show why he needs the additional discovery and how that discovery will create a genuine issue of material fact. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2005). He "cannot evade summary judgment simply by arguing that additional discovery is needed and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Id.* (internal quotations omitted). Here, Plaintiff has not explained, by affidavit or otherwise, why the discovery he seeks would aid in responding to Standard Fire's motion for summary judgment on a narrow legal issue, even though Plaintiff's response evinces his familiarity with that issue. The Court can only assume that Plaintiff desires to "differentiate between the causes of loss" in order to complete a Proof of Loss. However, the late submission of a Proof of Loss cannot remedy Plaintiff's failure to submit it in the manner required by the Policy. As explained *supra*, no party disputes that Plaintiff did not submit the Proof of Loss within 60 days of the date of loss or before filing suit. Plaintiff has not explained how any additional discovery could elicit facts that would nonetheless

---

[2] Plaintiff's Motion to Extend Response Date to Defendant's Motion for Summary Judgment (Doc. 12) was stricken by the Court on March 24, 2009 for failure to comply with Local Rule 7. (Doc. 19). However, the Court will consider the arguments set forth in the motion in determining whether a grant of summary judgment is appropriate at this stage of the proceedings.

enable him to pursue his claims against Standard Fire under the SFIP. Therefore, the Court need not give Plaintiff additional time to respond to the motion for summary judgment.

### III. Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint

The Court now turns to Plaintiff's motion for leave as it pertains to Standard Fire. (Doc. 17). With respect to this Defendant, Plaintiff's proposed amended allegations reassert existing claims and add a cause of action for "conspiracy to defraud Plaintiff[] of payment due under [the Policy]." (Doc. 17, Ex. A). Clearly, Plaintiff may no longer seek to recover under the Policy because he failed to timely submit a signed and sworn Proof of Loss. In addition, Standard Fire has correctly pointed out that Plaintiff's existing and proposed state law extra-contractual claims against Standard Fire are preempted by federal law. (Doc. 18); *see* 44 C.F.R. pt. 61, app. A(1), art. IX; *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 344-45 (5th Cir. 2005); *Wright*, 415 F.3d at 386, 389. Therefore, allowing Plaintiff to allege these claims against Standard Fire would be futile. *See*, *e.g.*, *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)(district court may consider whether amendment is futile in determining motion for leave to amend under Rule 15(a)). For these reasons, the Court must deny Plaintiff's motion for leave as it pertains to Standard Fire.

### IV. Standard Fire's Motion for Protective Order

In light of the Court's resolution of Standard Fire's motion for summary judgment, Standard Fire's request for a protective order from discovery is moot. (Doc. 21).

### V. Plaintiff's Motion to Extend Date to Amend Pleadings and Join Parties

As noted *supra*, Plaintiff may not recover against Standard Fire on the claims asserted in his original or proposed amended pleadings. However, the Court will grant Plaintiff's request to

extend the date to amend his pleading with respect to any claims against Colonial, and to join any additional parties. (Doc. 22).

## VI. Conclusion

For the foregoing reasons, the Court hereby **ORDERS** that

1. Defendant Standard Fire's Motion for Summary Judgment (Doc. 8) is hereby **GRANTED**;

2. Standard Fire's Motion to Strike Plaintiff's Amended Petition for Failure to Comply with FED. R. CIV. P. 15(a)(2) (Doc. 16) is **MOOT**;

3. Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint (Doc. 17) is hereby **DENIED** as it pertains to Standard Fire;

4. Standard Fire's Motion for Protective Order (Doc. 21) is **MOOT**; and

5. Plaintiff's Motion to Extend Date to Amend Pleadings and Join Parties is hereby **GRANTED**. Plaintiff is given 10 days from the date of this Order to amend his pleading and add parties.

SO ORDERED this 8th day of May, 2009, at McAllen, Texas.

_____
Randy Crane
United States District Judge